Paul W. Jones, #11688
STOEL RIVES, LLP
4766 South Holladay Blvd
Salt Lake City, Utah 84117
Telephone: (801) 930-5101
Fax: (801) 606-7714
*Attorneys for the Petitioner*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NELDON JOHNSON and GLENDA JOHNSON,<br><br>   Petitioners<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendants | **PETITION TO QUASH SUMMONS**<br><br>Case No. 2:16-cv-00081-CW<br><br>Judge: Clark Waddoups |

PETITIONER, through their attorney, respectfully petitions this Court for an order quashing the Internal Revenue Service ("IRS") third-party Summons served on Millard County Credit Union ("Millard CU") in the matter of Neldon Johnson and Glenda Johnson (the "Johnsons") for calendar years ending December 31, 2013 and December 31, 20 14.

In support of this Petition, Petitioners allege as follows:

**I. JURISDICTION**

1. This is an action to quash a third-party Summons brought under 26 U.S.C. Section (hereinafter referred to as "Section") 7609(b)(2). Respondent is the United States of America. This Court has jurisdiction to hear and determine this proceeding under Section 7609(h)(1), 12 U.S.C. § 3416, and 28 U.S.C. § 1340.

2. MILLARD CU, the summoned party, has offices in Fillmore and Delta, Utah, and maintains its Utah registered agent's address at 40 S First W Fillmore, UT 84631, which is

within the District of Utah. Accordingly, venue is proper with this Court under Section 7609(h)(1).

3. Petitioner is entitled to receive notice of the Summons issued by the IRS to MILLARD CU.

4. This proceeding to quash was brought timely after Petitioner received notice of the Summons by receipt of the same from the IRS on January 19, 2016.

5. A copy of the Summons is attached hereto as Exhibit A.

**II. RELEVANT FACTS**

6. The Johnsons are a husband and wife who reside in Delta, Utah.

7. The Internal Revenue Service commenced an examination of the Johnsons' income tax return for the calendar year 2012 on or about May of 2015 and this examination was expanded to include the calendar years 2013 and 2014.

8. As a part of that examination the examiner, Joel Zielke, sent a summons dated January 13, 2015 to MILLARD CU, the same as is shown in Exhibit A, (the "Summons") requesting the following:

> Please produce for examination copies of signature cards, monthly bank statements, bank deposit slips, deposit items, credit memos, cancelled check, and debit memos drawn on accounts which either Neldon Johnson (TIN # [redacted]) or Glenda Johnson (TIN # [redacted]) either owns or is a signer for the period December 20 12 - January 2015.

9. The Summons requires MILLARD CU to produce the requested information by February 12, 2016 by appearance or in the alternative to mail the requested information to Mr. Zielke.

10. Neither the IRS, nor Mr. Zielke provided any type of notice of the Summons to the petitioners or any other potential account holders affected by the Summons prior to the issuance of the Summons.

### III. ARGUMENT

**A. The IRS Failed to Comply with the Right to Financial Privacy Act**.

11. In general, the Right to Financial Privacy Act "RFPA"[1] requires that account owners be given notice of, and an opportunity to challenge, a government agency's intent to obtain records of their finances from a financial institution.[2]

12. In the case of *Neece v. Internal Revenue Service*, 922 F.2d 573 (10th Cir. 1990) the Tenth Circuit Court of Appeals ruled that a bank's voluntary disclosure of a customer's financial records to the IRS, without prior notice to the customer, violated the RFPA.

13. In this case it is undisputed that the Summons was issued to MILLARD CU prior any notice was given to the taxpayers. As such, the IRS has violated the RFPA and in so doing failed to follow the law in issuing the Summons.

14. Further, the Summons seeks <u>all</u> accounts upon which either taxpayer "is a signer." The IRS has also wholly failed to identify and provide required notice to any additional account holders that exist as to the accounts sought.

15. For example, Glenda Johnson is a signer upon her elderly mother's account to assist her in paying her bills. The IRS did not provide Glenda Johnson's mother any notice of the Summons.

---

[1] 12 U.S.C. § 3401 et seq.
[2] See specifically 12 U.S.C. § 3402

16. 12 U.S.C. § 3403(b) states, "A financial institution shall not release the financial records of a customer until the Government authority seeking such records certifies in writing to the financial institution that it has complied with the applicable provisions of this chapter."

17. No 12 U.S.C. § 3403(b) certification was sent to MILLARD CU by the IRS or any other Government authority.

18. The IRS wholly failed to comply with any of the provisions required by 12 U.S.C. § 3405 as to the Summons. See Exhibit A.

19. 12 U.S.C. § 3405 states (emphasis added):

> A Government authority may obtain financial records under section 3402(2) of this title pursuant to an administrative subpoena or summons otherwise authorized by law <u>only if</u>-
>
> (1) there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry;
>
> (2) <u>a copy of the subpoena or summons has been served</u> upon the customer or mailed to his last known address <u>on or before</u> the date on which the subpoena or summons was served on the financial institution <u>together with the following notice</u> which shall state with reasonable specificity the nature of the law enforcement inquiry:
>
>> "Records or information concerning your transactions held by the financial institution named in the attached subpoena or summons are being sought by this (agency or department) in accordance with the Right to Financial Privacy Act of 1978 [ 12 U.S.C. 3401 et seq.] for the following purpose: If you desire that such records or information not be made available, you must:
>>
>> 1. "Fill out the accompanying motion paper and sworn statement or write one of your own, stating that you are the customer whose records are being requested by the Government and either giving the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.
>> 2. "File the motion and statement by mailing or delivering them to the clerk of any one of the following United States district courts:
>> .

    3. "Serve the Government authority requesting the records by mailing or delivering a copy of your motion and statement to
.
    4. "Be prepared to come to court and present your position in further detail.
    5. "You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

    If you do not follow the above procedures, upon the expiration of ten days from the date of service or fourteen days from the date of mailing of this notice, the records or information requested therein will be made available. These records may be transferred to other Government authorities for legitimate law enforcement inquiries, in which event you will be notified after the transfer."; and

(3) <u>ten days have expired from the date of service of the notice or fourteen days have expired from the date of mailing the notice to the customer and within such time period the customer has not filed a sworn statement and motion to quash in an appropriate court, or the customer challenge provisions of section 3410 of this title have been complied with</u>.

20. The petitioners are both a "person" as that term is defined in 12 U.S.C. § 3401.

21. The mother of Glenda Johnson is a "person" as that term is defined in 12 U.S.C. § 3401.

22. MILLARD CU is a "financial institution" as that term is defined in 12 U.S.C. § 3401.

23. The Summons is seeking "financial record[s]" as that term is defined in 12 U.S.C. § 3401.

24. Because the IRS failed to follow the procedures required by the RFPA the Summons should be quashed.

25. Additionally, because of this failure the Court should award the civil penalties to the taxpayers that are allowed pursuant to 12 U.S.C. § 3417(a).

  **B. The Summons Was Not Issued in Good Faith**.

26. In this case, the IRS' Summons must be quashed because the IRS did not issue the Summons in good faith, in that the IRS has violated the taxpayers' right to privacy that is guaranteed to by the "Taxpayer Bill of Rights" in that the summons issued are more "intrusive than necessary" and the IRS agent did not properly follow the guidelines set forth in the Internal Revenue Manual.

27. The "institutional posture" test is the appropriate standard for determining whether a summons is issued in good faith. The motive of the IRS agent(s) involved in an investigation is a relevant factor in determining the institutional posture. See *United States v. Millman*, 822 F.2d 305, 309 (2d Cir. 1987).

28. An Internal Revenue Manual violation by an agent may also be relevant to showing of bad faith. *Groder v. United States*, 816 F.2d 139 (4th Cir. 1987).

29. Congress enacted the "Taxpayer Bill of Rights" as part of the 1988 Technical and Miscellaneous Revenue Act 206 (See 206 Pub. L. No. 100-647).

30. Further protections were added under the 1996 Taxpayer Bill of Rights (207 Pub. L. No. 104-168) and by the Taxpayer Bill of Rights, 1998 IRS Restructuring Act. 208 (208 Pub. L. No. 105-206).

31. One such right that exists under the Taxpayer Bill of Rights is "The Right to Privacy", which states,

> The Right to Privacy
> Taxpayers have the right to expect that any IRS inquiry, examination, or enforcement action will comply with the law and be no more intrusive than necessary, and will respect all due process rights, including search and seizure protections and will provide, where applicable, a collection due process hearing.

32. In this case a summons is more intrusive than necessary because the taxpayers are willing to provide their banking information voluntarily without the need to unnecessarily involve their financial institutions.

33. The Internal Revenue Manual Section 25.5.1.4 (09-10-2014) requires that prior to the IRS issuing a Summons that the IRS should "Attempt to obtain information voluntarily from taxpayers and witnesses prior to issuing a summons."

34. The IRS has not made such an attempt and if it had the petitioners would cooperate.

35. Counsel for petitioners and the examining agent have communicated about the examination. Counsel for the petitioners has represented to the examining agent the petitioners' willingness to provide the information sought without the IRS needing to issue a Summons to the taxpayers' financial institutions.

36. Because the Summons issued is more intrusive than necessary it was issued by the IRS with an absence of good faith and it should be quashed.

WHEREFORE, as set forth above, Petitioners respectfully requests this Court quash the IRS third-party Summons served on MILLARD CU in the matter of Neldon Johnson and Glenda Johnson for the calendar years 2013 and 2014.

Respectfully submitted this 1st day of February, 2016.

STOEL RIVES, LLP

/s/ Paul W. Jones

Paul W. Jones, #11688
STOEL RIVES, LLP
4766 S. Holladay Blvd.
Salt Lake City, Utah  84117
Tel: (801) 930-5101
*Attorneys for Neldon Johnson and Glenda Johnson*